# SOLOMON BAKER

*v.*

# CHARLES ROBINSON.

| 49 | 299 |
| 204 | 4201 |

1.  NEW TRIAL—*verdict against the evidence.* An appellate court will not disturb the verdict of a jury merely because the evidence is conflicting, or because there may be doubt as to its correctness. It must be clearly wrong to require it to be set aside.

2.  INSTRUCTIONS—*need not be repeated.* Where an instruction is asked which is a repetition, in substance, of one already given, it may properly be refused.

3.  SAME—*must be based upon the evidence.* An instruction which is not based upon any evidence in the case, should not be given.

4.  IMPEACHING A WITNESS. A mere conflict of testimony is not what is called impeaching evidence.

5.  PRACTICE—*of raising a question by an instruction.* In an action of replevin for a colt, it appeared that while the animal was in the possession of the plaintiff, the defendant, claiming to be the owner, obtained permission to take it home with him, upon the condition, that if, after his family had examined the colt, they would not identify it as his, upon oath, before a justice of the peace named, he would return it the same day, the evidence showed that the defendant neither procured the evidence nor returned the colt. Instructions were given, based upon the hypothesis that neither party owned the colt: *Held*, if the plaintiff desired to raise the question whether the defendant was bound to return the animal when he failed to make the proof proposed, he should have asked an instruction presenting that question.

APPEAL from the Circuit Court of Jo Daviess county; the Hon. BENJAMIN R. SHELDON, Judge, presiding.

The facts are fully stated in the opinion of the court.

Mr. M. MARVIN and Mr. D. W. JACKSON, for the appellant.

Mr. OLIVER C. GRAY and Mr. E. A. SMALL, for the appellee.

Mr. JUSTICE WALKER delivered the opinion of the Court:

It appears that in the month of April, 1864, appellant pur-
chased of Barton a colt, which he claims to be the same one
now in controversy. At the time of the purchase the colt was
but a few days old; it was taken to his house and fed, and
remained in his possession until in the month of July, 1865,
when it strayed away. About the middle of October follow-
ing, appellant and his son went to the house of one Wilson,
about four miles distant, and there found the colt in contro-
versy, took it home and kept it during the remainder of the
fall and the ensuing winter, and used it in the spring with
their other horses. About the 1st of June, 1866, appellee
came to the residence of appellant and claimed the animal as
his. After some controversy appellee proposed to take it
home with him, and if, after his family had examined it, they
would not swear to it, before a justice of the peace who was
named, he would return it to appellant on the same day. It
was taken, but no affidavits were made, nor was the colt
returned.

Appellant thereupon sued out a writ of replevin from a
justice of the peace, and upon a trial the jury found a verdict
for appellant, but the case was removed by appeal to the cir-
cuit court, where another trial was had before the court and a
jury, and a verdict was rendered in favor of appellee, upon
which judgment was rendered, and to reverse which this
appeal is prosecuted.

It is first urged, that the finding is manifestly against the
evidence. On the trial there was much and conflicting evi-
dence as to the identity of the animal in dispute. In such
cases this court rarely disturbs the finding of a jury. It is
only in cases where, from the evidence, it appears that the
preponderance is decidedly against the verdict, and where,
from the record, we feel no hesitation in believing that the
verdict is wrong and should be set aside. The judge and the
jury who try the case have greatly better facilities for ascer-
taining the truth than an appellate court. They see the

witnesses, and from their appearance and manner on the stand can readily determine to which the greater credit should be given. And after the trial is closed, the judge trying the case, upon a review of the evidence, when asked for a new trial, must say whether he believes the verdict is right. This is a duty the law has devolved upon him, and when he has deliberately said that he is satisfied with the finding, we are not inclined, for the mere reason that the evidence is conflicting, and leaves doubts on our minds whether it is strictly right, to disturb the verdict. In this case we only feel doubt, and not conviction, that the verdict is wrong, and hence, must decline to reverse on the ground that the verdict is against the weight of evidence.

It is objected, that the court refused to give appellant's fourth instruction. It will be observed that his third instruction, in other language, announces the same rule. The court below, therefore, had the right to refuse to repeat the same instruction, although slightly varied in form. It is also objected, that the court erred in refusing to give appellant's fifth instruction. It asserted that, if any of appellee's witnesses had been successfully impeached, the jury were at liberty to disregard their testimony unless corroborated by other testimony. We do not discover that witnesses were called to impeach any of appellee's witnesses, nor can we see, from the record, that there was anything else impeaching them. There was conflict of evidence, but that is not what is called impeaching evidence. We therefore perceive no evidence upon which to base this instruction.

It is also urged, that the court should have refused the instruction given for appellee. It only states that, if the reverse of the hypothetical case put in appellant's third instruction was true, they should find for appellee. It informed them, that if they believed that appellant was not the owner of the colt, or has not a better right to it than appellee, they should find for the latter. In the third of appellant's

instructions the court had told the jury, that if appellee obtained possession of the property from appellant, and had no title, and title had not been shown in a third person, appellant's title would be the best. · The instruction for appellee did not conflict with appellant's third instruction, and hence it was not error to give it.

If appellant had desired to raise the question whether appellee was bound to return the colt when he failed to make the proof he agreed to do when he obtained the possession, he should have asked an instruction presenting that question. It is not raised on the record, and we can not, therefore, consider it. We do not see that the jury were misdirected, or that proper instructions were refused; nor do we perceive that the evidence fails to support the verdict of the jury.

No error being perceived in this record requiring the reversal of the judgment of the circuit court, the judgment must be affirmed.

*Judgment affirmed.*